# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**RALPH TOLLIVER,**

    **Plaintiff,**

**v.**                                                                                             **Case No.  8:06-cv-856-T-30TGW**

**MONACO COACH CORPORATION
and LAZY DAYS' RV CENTER, INC.,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon the Defendant Monaco's Motion to Dismiss, and Combined Memorandum of Law in Support (Dkt. #4).[1]  The Court, having considered the motion, memorandum, complaint, and being otherwise advised in the premises, finds that Defendant Monaco's Motion to Dismiss should be granted.

### Background

Plaintiff brings a seven (7) count complaint arising out of the sale of a recreational vehicle, on the following grounds: Count I - Trial De Novo of an Arbitration Award; Count II - Breach of Contract; Count III - Implied Warranty of Merchantability; Count IV - Implied Warranty of Fitness for Particular Purpose; Count V - Express Warranty; Count VI - Rejection or Revocation of Acceptance; and Count VII - Magnuson-Moss Warranty Act.

---

[1] Plaintiff did not file a response to Monaco's Motion to Dismiss.

Defendant, Monaco Coach Corporation ("Monaco"), requests this Court to dismiss Counts III, IV, VI, and VII, pursuant to Rule 12(b)(6) for failure to state a cause of action upon which relief may be granted.

Plaintiff alleges that he purchased an RV from Lazy Days' R.V. Center, Inc. ("Lazy Days") on December 15, 2004. Plaintiff alleges that Lazy Days is the "seller" of the goods in the contract. Plaintiff also alleges that Monaco is the "manufacturer" of the goods in the contract. On March 9, 2005, Plaintiff took delivery of the RV. The RV was purchased for personal, household or family use. Plaintiff alleges that the RV has substantial and material defects.

## 12 (b)(6) Motion to Dismiss Standard

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. State of Alabama, 30 F.3d 117, 120 (11th Cir. 1994), quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. See Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985). "Unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the complaint should not be

dismissed on grounds that it fails to state a claim upon which relief may be granted. <u>Sea Vessel, Inc. v. Reyes</u>, 23 F.3d 345, 347 (11th Cir. 1994). Nevertheless, to survive a motion to dismiss, a plaintiff must do more than merely "label" his claims. <u>Blumel v. Mylander</u>, 919 F.Supp. 423, 425 (M.D. Fla. 1996). Moreover, when on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate. <u>Marshall County Bd. Of Educ. v. Marshall County Gas Dist.</u>, 992 F.2d 1171, 1174 (11th Cir. 1993).

## Discussion

**I.   Implied Warranty Claims - Counts III, IV and VII.**

Monaco argues that Counts III, IV, and VII of Plaintiff's Complaint should be dismissed to the extent that such counts assert a breach of implied warranty on the part of Monaco. Monaco argues that Plaintiff has failed to state a cause of action in Counts III, IV and VII, because Plaintiff is not in contractual privity with Monaco.

In Florida, implied warranty claims require privity between the plaintiff and the defendant. <u>See</u> <u>T.W.M. v. American Medical Systems, Inc.</u>, 886 F.Supp. 842, 844 (N.D. Fla. 1995), citing <u>Kramer v. Piper Aircraft Corp.</u>, 520 So. 2d 37 (Fla. 1988). Privity is required even if suit is brought against a manufacturer. <u>See</u> <u>T.W.M.</u> at 844. "A plaintiff who purchases a product, but does not buy it directly from the defendant, is not in privity with that defendant. <u>Id.</u>

Pursuant to the allegations in Plaintiff's Complaint, Plaintiff did not purchase the vehicle directly from Monaco; rather, Plaintiff purchased the vehicle directly from Lazy

Days. Thus, there is no privity between Plaintiff and Monaco. As a result, Plaintiff's implied warranty claims contained within Counts III, IV, and VII fail to state a cause of action against Monaco, and therefore, must be dismissed as to Monaco.

## II.   Revocation of Acceptance Claim - Count VI.

Monaco argues that Count VI of Plaintiff's Complaint should also be dismissed because Monaco is not a "seller" as contemplated by Fla. Stat. §672.608. Section 672.608 states:

> (1) The buyer may revoke her or his acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to her or him if she or he has accepted it:
>    (a) On the reasonable assumption that its nonconformity would be cured and it has not been seasonably cured; or
>    (b) Without discovery of such conformity if her or his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.
> (2) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.
> (3) A buyer who so revokes has the same rights and duties with regard to the goods involved as if she or he had rejected them.[2]

Section 672.608 applies to a buyer's right to revoke acceptance of a transaction between a "seller" and a "buyer" involving nonconforming goods.

However, under Florida law, a buyer may not maintain a revocation of acceptance claim against a non-selling, non-privity vehicle manufacturer. <u>Powers v. Lazy Days RV</u>

---

[2] Fla. Stat. §672.608.

Center, Inc., No. 8:05-CV-1542T17EAJ, 2006 WL 373011, *2 (M.D. Fla. February 16, 2006); Mesa v. BMW of North America, LLC, 904 So. 2d 450, 459 (Fla. 3d DCA 2005); Gilbert v. Monaco Coach Corp., 352 F.Supp. 2d 1323, 1334-35 (N.D. Ga. 2004). Likewise, a buyer who does not purchase a product directly from the defendant is not in privity with that defendant under Article 2 of the Uniform Commercial Code. T.W.M., 886 F.Supp. 842, 844; see McAteer v. Black & Decker (U.S.), Inc., No. 98-303-CIV,-OC-10A, 1999 WL 33836701 (M.D. Fla. September 13, 1999).

As discussed above, there is no privity between Plaintiff and Monaco. Further, the provisions of Fla. Stat. §672.608 do not apply to Monaco, because Monaco is not a "seller" as defined in Fla. Stat. §672.103(d). As a result, Plaintiff's revocation of acceptance claim contained within Count VI fails to state a cause of action against Monaco, and therefore, must be dismissed as to Monaco.

It is therefore ORDERED AND ADJUDGED that:

1.      Defendant Monaco's Motion to Dismiss, and Combined Memorandum of Law in Support (Dkt. #4) is GRANTED.

2.      Plaintiff's implied warranty claims contained within Counts III, IV, and VII are dismissed as to Defendant Monaco Coach Corporation, and Plaintiff's revocation of acceptance claim contained within Count VI is dismissed as to Defendant Monaco Coach Corporation.

3.     Defendant Monaco shall file within ten (10) days of the entry of this Order an answer to the remaining counts contained within Plaintiff's Complaint.

**DONE** and **ORDERED** in Tampa, Florida on June 16, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2006\06-cv-856.mtd III IV VI VII.wpd